In the Matter of Brian GEORGE,
Respondent,

State of Missouri, Missouri Department
of Mental Health, and Southeast Mis-
souri Mental Health Center, Appel-
lants.

No. 24010.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 2001.

Petition for Rehearing and Transfer De-
nied
May 23, 2001.

Application for Transfer Denied
June 26, 2001.

Jeremiah W. (Jay) Nixon, Attorney Gen-
eral, Greg A. Perry, Assistant Attorney
General, for Appellants.

Lee Clayton McMurry, Madalyn A.
Payne, The Rice Law Firm, Clayton, Mo.,
for Respondent.

PREWITT, Judge.

Respondent sought a conditional release
from the Southeast Missouri Mental
Health Center, pursuant to Section
552.040.10, RSMo Supp.1999. Following a
non-jury trial, the trial court ordered a
conditional release upon certain specific
conditions. Appellants appealed to this
District, and now contend in their brief
that Respondent was not entitled to a re-
lease "in that the evidence showed that he
would be dangerous if he were released
from the hospital to live in the communi-
ty." [1]

---

1. The entire point stated:

The trial court erred when it ordered Mr.

Following the notice of appeal, Appellants sought a stay of the trial court's order granting the conditional release pending the outcome of the appeal. This Court granted that stay, and it is now dissolved.

Respondent was involved in an altercation, on June 24, 1995, when he apparently mistakenly believed a neighbor was having a sexual relationship with his wife. An argument followed and resulted in Respondent holding a knife to the neighbor's throat, cutting the neighbor's throat and hand. Four stitches were required to close the wound on the neighbor's throat, and seven stitches were required for the wound on his hand.

Respondent was charged with the Class A felony of assault in the first degree. Respondent relied on the defense of mental disease or defect excluding responsibility. The State accepted that defense and Respondent was acquitted of the criminal charge. Respondent was then committed to the Director of the Division of Mental Diseases ("Division") for custody and treatment in a state mental hospital. He was placed in the Southeast Missouri Mental Health Center in Farmington.

A report of a mental-status examination of Respondent by Stephen V. Courtois, Ph.D., a psychologist with the Division, dated July 19, 1999, concluded that:

The treatment team enthusiastically recommends that Mr. George be given a conditional release. It is their feeling that he is not now a danger to himself or others. It is felt that he will be able to work or go to school, and that he will be successfully able to follow the conditions of his release.

Thereafter, Respondent filed an application for conditional release with the Circuit Court of Dunklin County. This release was objected to by the Department of Mental Health and the prosecuting attorneys of Dunklin and Stoddard Counties.

Following a hearing on April 11, 2000, the trial judge made findings and conclusions, and entered an order for a conditional release, on November 29, 2000, concluding, in part:

2. The Defendant presently suffers from the mental illness of major depression, recurrent, with psychotic features, in remission. However, the Defendant is not likely to be dangerous to others if he complies with the condition of release set forth in the Order. The Defendant is not now and not likely in the reasonable future to commit another violent crime against another person because of his mental illness; he is aware of the nature of the violent crime committed against another person; and, he presently possesses the capacity to appreciate the criminality of the violent crime against another person and the capacity to conform his conduct to the requirements of the law in the future.

3. Pursuant to RSMo. § 552.040, the Court grants the Petition for Conditional Release upon the specific conditions set forth in Exhibit B attached hereto and incorporated as

George to be released because he failed to establish by clear and convincing evidence, as required by §§ 552.040.12, .14, and .20, RSMo, that he is entitled to a release in that the evidence showed that he would be dangerous if he were released from the hospital to live in the community, in that the only evidence from a competent medical expert established that Mr. George was beginning to exhibit signs of his mental illness (depression), he was not cooperating with treatment, he was lying to hospital staff, and his insight into his illness was regressing so that he mistakenly thought he did not have any mental problems.

part of this Order. Further, an additional specific condition of Defendant's release shall be that he wear upon his person any electronic monitoring device required by the Department of Mental Health for such time as required, to monitor Defendant's whereabouts and insure no unauthorized absence from his place of residence, should such devices be utilized by the Department.

Appellants contend that Respondent did not meet his burden of proof in that the evidence showed that he would be dangerous if he was released from the hospital to live in the community, asserting:

[T]hat the only evidence from a competent, medical expert established that Mr. George was beginning to exhibit signs of his mental illness (depression), he was not cooperating with treatment, he was lying to hospital staff, and his insight into his illness was regressing so that he mistakenly thought he did not have any mental problems.[2]

■ Review of a non-jury case requires that the appellate court affirm the decision unless it is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Marsh v. State*, 942 S.W.2d 385, 388 (Mo.App.1997). Due regard is given to the trial court's determination on credibility on witnesses. Rule 84.13(d)(2). Respondent had the burden to prove by clear and convincing evidence that he is not likely to be dangerous to others while on conditional release. § 552.040.12.

■ In a procedure for conditional release, the determination of whether the evidence satisfies the conditions for release is made by the courts, rather than medical physicians or psychologists. *Grass v. Nixon*, 926 S.W.2d 67, 70 (Mo.App.1996); *State v. Davee*, 558 S.W.2d 335, 339 n. 3 (Mo.App.1977). *See also Marsh*, 942 S.W.2d at 390.

*Grass*, at 71, states that the Supreme Court of the United States recognized the uncertainty of psychiatric science in *Jones v. United States*, 463 U.S. 354, 364 n. 13, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), where that Court stated: "We have recognized repeatedly the tentativeness of professional judgment. The only certain thing that can be said about the present state of knowledge in therapy regarding mental disease is that science has not reached finality of judgment."

There appear to be eight statutory factors for conditional release which were applicable before the trial court. Six are set forth at Section 552.040.12, and two under Section 552.040.20. The only finding challenged in Appellant's point appears to be the one set forth in Section 552.040.20(1), which states: "Such person is not now and is not likely in the reasonable future to commit another violent crime against another person because of such person's mental illness."

■ At the time of trial, it had been nearly five years since any dangerous act by Respondent. He had received four ninety-six-hour home passes in which no dangerous incident occurred. Respondent testified and the trial court was in a better position to evaluate him and his testimony than this Court. Dr. Courtois changed his opinion from supporting the conditional release of Respondent to "becoming not sup-

---

2. Appellants appear to contend that Dr. Courtois, a "psychologist" and "certified forensic examiner," was the only qualified witness, being a psychologist, as defined in Section 632.005(19), RSMo 2000. Such a person would be one qualified as required by Section 552.040.5, to make an examination prior to the hearing but no such limitation appears in the statute for the hearing or trial.

portive of Mr. George receiving a conditional release at this time" after he learned of what he considered to be rule violations by Respondent.

After receiving the "enthusiastic" recommendation for a conditional release, Dr. Courtois learned that on Respondent's fourth home visit at his parents' house, a female employee from the Southeast Missouri Health Center was also present at his parents' house, at least part of the time, and that at the facility Respondent had a cellular telephone, three screwdrivers, blank checks, a picture i.d., a driver's license, a social security card, a VISA card, another charge card, a library card, and a cellular telephone instruction manual. None of these items, with the exception of the screwdrivers, could be directly related to a dangerous act, and there is nothing in evidence indicating that the screwdrivers were or were going to be so used.

The trial judge, and there is no finding on this, would have been justified in believing that the change in the witness's opinion was not due to a change in Respondent's mental condition but to punish Respondent or to send a message to others in custody that the rules must be followed by those desiring a conditional release or discharge from the institution.[3]

Assuming, but not deciding, that expert evidence may have been required on the issue presented here, the trial court could have felt that Respondent's condition was the same as that diagnosed in July, 1999, and that the change in the purported opinion of Dr. Courtois was not due to a change in Respondent's condition, and that Respondent had established at the time of trial that he was not dangerous to others. This conclusion was supported by other testimony regarding his conduct at the

mental health center and on the ninety-six-hour passes.

The stay of the conditional release entered by this Court is dissolved and the trial court's order of conditional release is affirmed.

BARNEY, C.J., and RAHMEYER, J., concur.

---

**3.** "All factual issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).